IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JAMES BRAND, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 12-cv-1122<br>)<br>) Hon. Young B. Kim |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | )<br>)<br>)<br>) |
| | ) (JURY TRIAL DEMANDED) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, JAMES BRAND, individually and on behalf of all other similarly situated employees, by and through his undersigned attorneys, responds in opposition to Defendants' motion to dismiss. (Dkt. No. 44). Plaintiff states as follows:

    **I.**    **Rule 12(b)(6) LEGAL STANDARD**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all factual allegations contained in the complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal,* 556. U.S. 662, 677 (2009). A court may grant a motion to dismiss only if a plaintiff's complaint does not state a claim for relief "that is plausible on its face." *Id; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the miscount alleged." *Ashcroft,* 556 U.S at 663. In ruling on a 12(b)(6)

1

motion, the Court should decide the adequacy of the complaint, not determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## II.     ARGUMENT

### A. Plaintiff has sufficiently plead a "contract or agreement" under the IWPCA.

Although the IWPCA does not establish a substantive right to overtime pay on its own, it provides a cause of action where an employer fails to pay an employee compensation owed "pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or other basis of calculation." 820 ILCS § 115/2. Under the IWPCA, a plaintiff need not allege a "valid, enforceable contract." *Catania v. Local 4250/5050 of Commc'ns Workers of Am.,* 359 Ill.App.3d 718 (Ill.App.Ct. 2005). Rather, a claim under the IWPCA must allege "the existence of either an employment contract or agreement." *Id.;* 820 ILCS § 115/2. "[T]he language of the statute on this point is crucial because an agreement is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons." *Cantina,* 359 Ill.App.3d at 724.

Plaintiff has plead sufficient detail to give Defendants notice of the basis of his IWPCA claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Plaintiff alleges, "Defendants, by agreement, promised to pay Plaintiff and class members an hourly rate for all time worked and overtime pay when they worked in excess of 40 hours per week. Amongst other places, this agreement is documented in Defendants' handbooks, which Plaintiff and class members were required to review and acknowledge via signature." (Amend. Compl. at ¶11.). Plaintiff has given notice to Defendants not only of the agreement under the IWPCA, but also the terms of the agreement, and *at least* one place where the agreement has

been memorialized. The allegation is more than sufficient to satisfy the threshold pleading requirements of an IWPCA agreement. *See, e.g. White v. VNA Homecare, Inc.*, 11-971-GPM, 2012 WL 1435432 (S.D. Ill. Apr. 25, 2012) (finding the allegation, "Plaintiff and the class regularly worked more than 40 hours per week [. . .] pursuant to a contract and/or agreement to do so and receive overtime pay" "clearly" alleged the existence of an IWPCA contract or agreement); *Santiago et al. v. Radioshack Corp.,* 11 C 3508 (N.D.Ill. February 10, 2012) (Gottschall, J.) (finding allegations that defendant was to compensate employees "based upon the number of hours worked" and allowed employees to work "without proper overtime compensation" was sufficient to allege an IWPCA "agreement") (attached hereto as Ex. A); *Sanchez v. Haltz Const., Inc.* 09 C 7531, 2012 WL 13514 (N.D. Ill. Jan. 4, 2012) (finding an allegation that plaintiffs performed work with the understanding they would be paid was sufficient to plead an IWPCA violation).

      Defendants argue that Plaintiff has not adequately plead a "contract or agreement" under the IWPCA. Notably, Defendants rely on summary judgment cases where the issue is whether the plaintiff has presented enough evidence to establish a genuine issue of fact as to the presence of an agreement under the IWPCA. Plaintiff, of course, is not required to plead all the facts which support his IWPCA claim in the Complaint. In fact, in one of the cases cited by Defendants, *Hall v. Sterling Park Dist.*, No. C 50116, 09 C 50146, 2011 WL 1748610, the district court <u>denied</u> a motion to dismiss plaintiff's IWPCA claim. In that case, the plaintiff's IWPCA claim was not dismissed until summary judgment when, *after discovery*, the plaintiff failed to support the allegation.

      Defendants further argue that Plaintiff cannot rely on an implied agreement. Plaintiff has not alleged that the IWPCA agreement is implied by the FLSA or IMWL. In fact, Plaintiff has

3

not alleged any "implied" agreement. Plaintiff alleged an express agreement between the parties regarding overtime compensation for time worked.

Defendants also assert that Plaintiff has provided "almost no facts" regarding the agreement. This too is without merit. Plaintiff has provided Defendants with the terms of the agreement and alleged that the agreement is memorialized in Defendants' Employee Handbook "amongst other places." This is enough "heft" to support an IWPCA claim. Plaintiff is not required to state more "detailed factual allegations" in order to allege a violation of the IWPCA. *See Twombly* at 555.

**B. There is ample evidence that an agreement, as alleged by Plaintiff, exists.**

Although Plaintiff is not required at this stage of litigation to set forth all the facts evidencing an agreement, Defendants have produced such evidence both in their document production, as well as in other pleadings in this same case.

First, Defendants' Employee Handbooks clearly state, "Overtime compensation will be paid to employees in non-exempt positions at a rate of one and one-half (1.5) of the regular rate for all hours worked over forty (40) hours during the workweek [.]" (*See, e.g.* COMCAST_WAGE00007021, attached hereto as Ex. B) The disclaimer in the Handbooks, which Defendants rely on to "defeat any IWPCA claim" states that it does not create a *contract of employment*. (Dkt. No. 45, p. 6). Plaintiff, however, does not need to allege he had a legally binding employment contract with Defendants; the IWPCA requires only an agreement among the parties. *Cantina,* 359 Ill.App.3d at 724; 820 ILCS § 115/2. Courts in this district have held that such disclaimer language does not defeat a plaintiff's IWPCA claim. *See, e.g. Hall v. Sterling Park District* 08 C 50116 (N.D.Ill. Dec. 10, 2008) (Reinhard, J.) (attached hereto as Ex. C) (declining to dismiss plaintiff's IWPCA claim on the basis of policy manual disclaimer

language and noting "[t]he existence of disclaimer language does not foreclose an inquiry into [matters concerning overtime.]"); *Bollie v. Board of Trustee Waubonsee Community College,* 07 C 01382 (N.D.Ill July 31, 2007) (Shadur, J.) (oral ruling) (holding an "agreement" within the meaning of the IWPCA is not defeated by disclaimers) (Transcript attached as Ex. D).

Moreover, Defendants' current position that the Handbooks cannot be used as evidence of an agreement is inconsistent with Defendants' other pleadings in this case. On July 17, 2012, Defendants filed a Response in Opposition to Plaintiffs' Motion to Conditionally Certify a Collective Action and Facilitate Notice. (Dkt. No. 41). In arguing against certification, Defendants themselves *rely on the Employee Handbook as an agreement*. (*Id.,* pp. 5-6). In fact, Defendants attach portions of the Employee Handbook and cite to Employee Handbook acknowledgements as evidence that Plaintiff and opt-in Plaintiffs were aware of *and agreed to* the polices in Defendants' handbook. (*Id.,* Dkt. No. 42-6; Dkt. No. 42-7). Defendants cannot now cherry-pick which parts of the Handbook constitute an "agreement" to suit their current argument.

In additional support of their response, Defendants admit, "Comcast expressly requires that employees report their time accurately and be paid for all time worked." (Dkt No. 41, p. 5). Defendants additionally attach timekeeping training materials regarding their overtime practices. (Dkt. No. 42-4) ("Comcast will you pay for all the time you work . . .without exception. If you work overtime, you will usually be paid one and a half times your normal rate unless the state where you work has different overtime rules." (p. 4)). These materials evidence an agreement between the parties regarding overtime pay; and, unlike Defendants' Handbooks, the training materials are not prefaced by a disclaimer.

Finally, the parties' exchange of discovery thus far has yielded additional evidence that an agreement, as alleged by Plaintiffs, exists. For example, Defendants have produced employee announcements and policy materials that reference the agreement. *See, e.g.* COMCAST_WAGE00014668 (attached hereto as Ex. E) ("If you're an hourly employee, overtime will now be calculated based on total week hours based on a normal 40-hour work week."); COMCAST_WAGE00014687 (attached hereto as Ex. F) ("Overtime compensation will be paid to non-exempt employees at a rate of one and one-half (1.5) the regular hourly rate for all hours worked over forty (40) hours during the workweek.") Thus, even if the summary judgment standard applied in this instance (it does not), Defendants have produced ample evidence to support the existence of an "agreement" under the IWPCA.[1]

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied. To the extent the Court grants the motion, Plaintiff respectfully requests the opportunity to amend and correct whatever deficiencies the Court finds as leave to amend would not prejudice Defendants. *See Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) ("[L]eave [to amend] shall be freely given when justice so requires." (quoting Fed. R. Civ. P. 15(a)).

---

[1] Defendants cite numerous cases in which the court granted summary judgment and dismissed an IWPCA claim. The cases cited by Defendants involved far less evidence of an agreement than the evidence already attained by Plaintiff at this early stage of discovery. *See, e.g. DeMarco v. Northrwestern Mem'l Healthcare,* No. 10 CV 397, 2011 WL 3510896 (N.D. Ill. Aug. 10, 2011) (granting summary judgment where plaintiff only cited to her complaint as evidence of an IWPCA "agreement"); *Stark v. PPM America, Inc.,* 354 F.3d 666, 672 (7th Cir. 2004) (granting summary judgment where plaintiff did not assert an IWPCA claim in his complaint); *Skelton v. American Intercontinental Univ. Online,* 382 F. Supp. 2d 10618 (N.D. Ill. 2005) (granting summary judgment where plaintiff *only* cited to defendant's handbook in support of his IWPCA claim).

Dated: August 16, 2012              Respectfully Submitted,


                                    */s/ Sarah Brown*
                                    Noelle Brennan
                                    Sarah Brown
                                    Danielle Hoffmann
                                    Brennan & Brown, LTD
                                    20 South Clark Street, Suite 1530
                                    Chicago, Illinois 60603
                                    312-422-0001
                                    www.brennan-brown.com

                                    Ryan Stephan
                                    Stephan Zouras, LLP
                                    205 N. Michigan Avenue, Suite 2560
                                    Chicago, Illinois 60601
                                    312-233-1550
                                    www.stephanzouras.com

                                    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2012 I filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will provide notification of such filing to the e-mail addresses of all counsel of record.

                                                 RESPECTFULLY SUBMITTED,

                                                 /s/Sarah Brown
                                               One of Plaintiff's Attorneys