# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BRAND, individually, and on behalf of all others similarly situated, | ) ) | |
| | ) | No. 12 CV 1122 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| COMCAST CORPORATION & COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) ) ) ) | November 19, 2012 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff James Brand, a line technician at Defendant Comcast Corporation ("Comcast"), brings this collective action suit against Comcast alleging that it denied Brand certain overtime payments in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.* In the current motion to dismiss, Comcast seeks to dismiss the IWPCA claim for lack of sufficient pleading under Rule 12(b)(6). For the following reasons, the motion is granted without prejudice:

### Background

Brand filed his original three-count complaint against Comcast on February 16, 2012. (R. 1.) Four months later, Comcast moved for judgment on the pleadings with respect to the IWPCA claim, arguing that Brand failed "to sufficiently plead the requisite 'employment contract or agreement' to state an IWPCA claim." (R. 33, Mot. to Dis. ¶ 3.) Comcast

withdrew its motion after Brand sought and received leave to amend his complaint to address the pleading deficiency.  (R. 36.)  Brand then filed his amended complaint on July 3, 2012. (R. 37.)

In his amended complaint, Brand alleges that Comcast "entered into an agreement to pay Plaintiff and class members as non-exempt employees for all the time they worked, including overtime, as required by the IWPCA."  (Id. ¶ 51.)  Brand alleges that Comcast violated the IWPCA by improperly deducting wages for meal periods whether or not he and the class members took an actual break, and by failing to pay them for the actual time worked while on-call or during pre- or post-shift activities.  (Id. ¶¶ 52-53.)  According to Brand, Comcast's employee "handbooks amongst other things" memorialized Comcast's agreement to pay its employees for all time worked, including overtime.  (Id. ¶ 51.)  Comcast has moved to dismiss Brand's IWPCA claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Brand failed to sufficiently plead the kind of agreement required to support a claim for relief under the IWPCA.

## Analysis

Comcast's motion to dismiss requires this court to resolve whether Brand's allegations with respect to his IWPCA claim are sufficient to meet the pleading standards described in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual

allegations are not necessary to meet those requirements, but "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the allegations "must be enough to raise a right to relief above the speculative level." *Id.* In other words, to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). In reviewing the sufficiency of Brand's amended complaint, this court takes the allegations as true and views the facts in the light most favorable to Brand. *See McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010).

The IWPCA allows overtime recovery in cases where, pursuant to an employee contract or agreement on overtime, that wage is unpaid. *Jaramillo v. Garda, Inc.,* No. 12 CV 662, 2012 WL 1378667, at *2 (N.D. Ill. April 20, 2012). Under the IWPCA, "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3. Wages are defined as "any compensation owed an employee by an employer *pursuant to an employment contract or agreement* between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2 (emphasis added). The IWPCA does not provide an independent right or cause of action, but simply enforces the terms of an existing contract or agreement. *Elder v. Comcast Corp.*, No. 12 CV 1157, 2012 WL 3835100, at *1 (N.D. Ill. Sept. 4, 2012). Therefore, to state a claim under the IWPCA, the plaintiff must allege that overtime was due to him under an employment contract or agreement. *See Smith*

*v. C.H. James Rest. Holdings, LLC*, 11 CV 5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012).

Comcast argues that Brand failed to sufficiently plead a claim to recover overtime wages under the IWPCA because Brand merely alleges that Comcast "entered into an agreement to pay Plaintiff and class members as non-exempt employees for all the time they worked." (R. 37, Am. Compl. ¶ 51.) Comcast claims that this is the level of conclusory statement that falls short of federal pleadings standards. *See Twombly*, 550 U.S. at 555; *Elder*, 2012 WL 3835100, at *2. The only detail Brand offers to support his allegation that an agreement exists is his assertion that the agreement "is memorialized in Defendants' handbooks amongst other things." (R. 37, Am. Compl. ¶ 51.) Comcast argues that Brand's reference to its handbooks and "other things" does not meet the pleadings requirement of Rule 12(b)(6). (R. 45, Mem. at 5.)

As Brand correctly points out, in the IWPCA context, "an 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract." *Skelton v. American Intercontinental Univ. Online*, 382 F. Supp. 2d 1068, 1075 (N.D. Ill. 2005), *amended*, No. 03 CV 9009, 2005 WL 2649190 (N.D. Ill. Oct. 11, 2005) (internal quotation omitted). In some cases, "an employee handbook . . . creates enforceable contractual rights if the traditional requirements for contract formation [offer, acceptance, and consideration] are present." *Id.* (quoting *Duldulao v. St.*

*Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 490 (1987)). But where the handbook includes a clause disclaiming that it or any other of the employer's policies "is an express or implied contract," that disclaimer destroys any argument that the handbook or policy creates a contract for overtime wages under the IWPCA. *Id.*; *see also Camilotes v. Resurrection Health Care Corp.*, No. 10 CV 366, 2012 WL 2905528, at *6 (N.D. Ill. July 16, 2012).

In support of its argument that Brand's reliance on Comcast's employee handbook is insufficient to support his IWPCA claim, Comcast attached to its motion to dismiss copies of its handbooks dated from 2005 to 2012. Generally, courts are disinclined to reach past the four corners of the pleadings at the Rule 12(b)(6) stage, but "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Because Brand expressly references the handbook in his amended complaint as the central support for his IWPCA claim, the court will consider the handbooks Comcast submitted in support of its motion.

Brand contends that at least one version of the handbook constitutes an agreement for overtime pay, because it states that "[o]vertime compensation will be paid to employees in non-exempt positions at a rate of one and one-half (1.5) of the regular rate for all hours worked over forty (40) hours during the workweek." (R. 50, Resp. at 4.) But as Comcast points out in its reply, Brand omits from this language its key end-phrase. The full sentence reads that overtime will be paid for all hours over 40-hour workweek "during the workweek

or *otherwise in compliance with applicable law*." (Id., Ex. B (emphasis added); R. 53, Reply at 6.) This last phrase demonstrates that the handbook merely memorialized Comcast's pre-existing legal obligations under state and federal wage laws. *See Patton v. University of Chicago Hosp.*, 706 F. Supp. 627, 629 (N.D. Ill. 1989) (holding that employer's antidiscrimination policy does not create contract with employees where it "merely constitutes a reiteration of a pre-existing legal duty"); *Sample v. Aldi Inc.,* No. 93 CV 3094, 1994 WL 48780, at *12 (N.D. Ill. Feb. 15, 1994) (noting that handbook statements that restate pre-existing legal duty do not create contract). Because the handbook language alludes only to Comcast's statutory obligations, it does not create new contractual rights, and Brand cannot use the IWPCA merely to enforce his rights under state or federal statutes. *See Jaramillo*, 2012 WL 1378667, at *2-3 (noting that "there is no indication . . . that the Illinois legislature or courts have considered the IWPCA an appropriate mechanism for enforcing overtime wage laws" and that the Illinois Department of Labor—the agency with interpretive authority over the IWPCA—"has concluded that [the IWPCA] does not cover overtime claims"). Accordingly, the language Brand relies on here cannot form the basis of a separate, binding agreement between Comcast and its employees sufficient to support a claim under the IWPCA.

Even if the relied upon language in Comcast's handbook was sufficient to form some separate agreement in theory, the presence of an express disclaimer demonstrates that there was no mutual assent behind the handbook's statements. Comcast's handbook informs

employees that "[t]he contents of the Comcast Employee Handbook are not intended to create an express or implied contract of employment and you may not rely on it as such." (R. 45, Mem. at 6; Id., Ex. 1 at 4.) Even more pointedly, the handbook states that:

> [t]he individual provisions of the Employee Handbook are simply guidelines, and Comcast reserves sole discretion to interpret them and resolve any conflict between or among policies. Comcast also reserves the right to change, delete, suspend, discontinue, or otherwise revise the Employee Handbook, or any individual policy contained in it, at any time for any reason, with or without notice.

(R. 45, Ex. 1 at 4.) As Comcast points out, given the presence of these disclaimers, the handbook's provisions are merely guidelines that leave Comcast with sole discretion to interpret and resolve conflicts about the handbook's meaning, regardless of whether its employees agree or are even consulted about the changes. Accordingly, the handbook does not provide the requisite manifestation of mutual assent to support even the broader interpretation of an agreement that governs in the IWPCA context. *See Camilotes,* 2012 WL 2905528, at *6; *see also Martino v. MCI Communications Servs., Inc.,* No. 08 CV 4811, 2008 WL 4976213, at *9 (N.D. Ill. Nov. 20, 2008) (finding that plaintiff's IWPCA claim fails where alleged agreement set forth in handbook contained express disclaimer); *Pautlitz v. City of Naperville*, No. 89 CV 8855, 1991 WL 33658, at *2-3 (N.D. Ill. Mar. 8, 1991) (holding that express disclaimers in handbook foreclose IWPCA claim).

Brand also argues that Comcast acknowledged the handbook as evidence of an employment agreement in another context. Specifically, he asserts that "[i]n arguing against [conditional] certification, Defendants themselves rely on the Employee Handbook as an

agreement" and "attach[ed] portions of the Employee Handbook and cite[d] to Employee Handbook acknowledgments as evidence that Plaintiff and opt-in Plaintiffs were aware of and agreed to the policies in Defendant's handbook." (R. 50, Resp. at 5 (emphasis omitted).) It is true that an attorney's statements may bind a party in later proceedings where counsel makes a factual assertion that is "deliberate, clear, and unambiguous." *See Robinson v. McNeal Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) (internal quotation omitted). But the pages Brand points to in Comcast's opposition to certification do not convey unambiguous (or even implied) assertions that the handbook represents or memorializes a freestanding agreement. Instead, Comcast asserted that it requires its employees to accurately record the time they work, and cited the handbook as the memorialization of its rule that its employees not over-report or under-report the time they work. (R. 41, Comcast Cert. Resp. at 5-6.) Comcast's citation to that rule neither suggests that it entered into a freestanding agreement to pay its employees for the time Brand seeks compensation for here, nor that it intended to mutually bind itself and its employees to the handbook's provisions in contravention of the handbook's disclaimer. Accordingly, this court is not convinced by Brand's argument that Comcast's position at the conditional certification stage somehow formed an admission regarding the handbook that ties its hands here. *See Robinson*, 615 F.3d at 872.

In the amended complaint, Brand alludes to the existence of other unspecified facts—referenced as "other things"—that he alleges represent an agreement between

Comcast and its employees for overtime pay. (R. 37 ¶ 51.) In his response to the motion to dismiss, Brand states that he has discovered policy materials that reference Comcast's calculation of overtime pay, and points to those documents as memorializing the agreement underlying the IWPCA claim. (R. 50, Resp. at 6.) But because Brand did not specifically reference those documents in his complaint, the court cannot consider their application here without converting the present motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). A better course at this stage is to allow Brand to file a second amended complaint to identify those alternate bases for the IWPCA allegations—to the extent he believes there is an agreement that does not merely memorialize Comcast's pre-existing obligation to comply with state and federal law—with the level of clarity required by *Twombly* and *Iqbal*. In other words, Brand must present allegations sufficient for this court to review whether he has plausibly shown that an agreement for overtime wages exists or existed between Comcast and its employees sufficient to support his IWPCA claim.

## Conclusion

For the foregoing reasons, Comcast's motion to dismiss Brand's IWPCA claim under Rule 12(b)(6) is granted without prejudice to Brand filing a second amended complaint consistent with this opinion.

**ENTER:**

_____

**Young B. Kim**
**United States Magistrate Judge**

9