**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| JAMES BRAND, BARRY FARMER, MARK GRAHAM, KEVIN JACKSON, MICHAEL JACKSON, JOSE VIGIL, and CHRISTOPHER WOODARD, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 12-cv-1122<br>)<br>) |
| v. | ) Magistrate Judge Young B. Kim<br>) |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | |

**PARTIES' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs James Brand, Barry Farmer, Mark Graham, Kevin Jackson, Michael Jackson, Jose Vigil, and Christopher Woodard ("Plaintiffs") and Defendants Comcast Corporation and Comcast Cable Communications Management, LLC ("Defendants" or "Comcast") (collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Their Joint Motion for Approval of Settlement ("Motion") and further state as follows:

### I. PROCEDURAL HISTORY

On February 16, 2012, Named Plaintiff James Brand filed a class and collective action complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.* Brand alleged that Comcast failed to pay him and other similarly-situated hourly, non-exempt cable line technicians all earned wages for all overtime work Comcast required them to perform before the

start and after the end of their scheduled shifts, during meal breaks, and while "on call.". *See* Dkt. No. 1.[1]

In September 2012, the Court conditionally certified an FLSA collective action of cable line technicians employed at Comcast's South Chicago facility since September 26, 2009. (Dkt. No. 56). After the opt-in period, Plaintiff amended the complaint to join as individuals the cable line technicians who opted into the suit and removed the collective and class allegations (Dkt. No. 119), and the case proceeded through the close of discovery. The parties' extensive discovery included the following: (a) the exchange of Rule 26(a) disclosures; (b) the exchange of written interrogatories, including interrogatories to each of the Plaintiffs; (c) the exchange of thousands of pages of written discovery, including production of electronically stored information ("ESI") in the form of data from Comcast's timekeeping and work routing software; (d) the depositions of each of the seven Plaintiffs; and (e) the depositions of twelve members of Defendants' management.

Following discovery, Defendants moved for summary judgment on each of the seven Plaintiffs' claims, which the Court granted on September 28, 2015. (Dkt. No. 222). Thereafter, Plaintiffs moved the Court for reconsideration. (Dkt. Nos. 226, 228). In their motion, Plaintiffs did not seek reconsideration of the Court's ruling as to their meal break and "on call" claims and sought only to revive their claims regarding uncompensated pre- and post-shift work. On February 25, 2016, the Court granted Plaintiffs' motion in part, holding that Plaintiffs demonstrated material fact disputes as to their claims concerning their unpaid pre- and post-shift work. (Dkt. No. 238). As a result, on March 16, 2016, the Court set a trial date for November 1, 2016, as well as deadlines for associated pre-trial proceedings. (Dkt. No. 240).

---

[1] Plaintiffs filed a first amended complaint on July 3, 2012, a second amended complaint on Dec. 7, 2012, and a third amended complaint on March 10, 2014. (Dkt. Nos. 37, 66, 119).

2

On May 25, 2016, the Parties participated in a full-day mediation supervised by private mediator Michael E. Dickstein of Dickstein Dispute Resolution/MEDiate. With the mediator's assistance, the Parties agreed to settle their claims.

## II. STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *E.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III. ARGUMENT

The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and any remaining disputes between the Parties. The agreement reached is the result of extensive negotiations between the Parties to resolve this matter. The Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients.

### A. <u>Bona Fide Disputes Exist</u>

The settlement of the instant action involves a *bona fide* dispute. Plaintiffs alleged that they were owed overtime for time worked before and after their shifts in excess of 40 hours per week. Defendants denied that any Plaintiff was owed any overtime wages.

In granting reconsideration of Plaintiffs' pre- and post-shift claims, this Court found that disputed fact questions were present. (Dkt. No. 238). Thus, the Parties face the prospect of an imminent trial on claims for uncompensated overtime for seven cable line technicians. Had any Plaintiff prevailed at trial, Defendants would be faced with a monetary verdict in favor of Plaintiff, as well as an obligation to pay legal fees and costs incurred by that Plaintiff in addition to their own fees and costs. If Defendants prevailed at trial, Plaintiffs would not recover any damages or attorneys' fees or costs, and Defendants would seek the recovery of certain statutory costs.

### B. <u>The Settlement is Fair and Reasonable</u>

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

The Parties' settlement is fair and reasonable and meets all applicable factors considered

by courts. The settlement appropriately factored in the complexity, risk, expense, and likely duration of the litigation. *See* Exhibit A to Motion (Settlement Agreement and Release) § 2. Plaintiffs recognized the risks inherent in proceeding with the litigation in light of the Court's prior ruling granting summary judgment in favor of Defendants for all claims by Plaintiffs, as well as Defendants' arguments on the merits of the claims. Defendants recognized their potential exposure should the Parties proceed with trial. All of the Plaintiffs actively participated in the mediation, and the overall reaction of the Plaintiffs to the settlement has been overwhelmingly positive.

Moreover, the settlement is appropriate at this stage of the proceedings and given the amount of discovery completed. As set forth above, the Parties have engaged in extensive litigation dating back to 2012. Aside from Plaintiffs' independent investigation, the Parties exchanged Rule 26(a) disclosures; exchanged written interrogatories; conducted depositions of nineteen individuals, including each of the Plaintiffs and twelve members of Defendants' management; and exchanged thousands of pages of written discovery, including voluminous production of Defendants' written policies and procedures, emails and other electronically stored information (ESI) in the form of data from Comcast's timekeeping and work routing software. The Parties thus had sufficient information to assess the risks of assessing liability and damages; indeed, the next step in the litigation was preparation for trial.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, which was far from certain, a wide range of possible damages existed depending on factors including, but not limited to, the amount and frequency of overtime work performed, any alleged set-offs for overpayments, the applicable statute of limitations, and

Defendants' knowledge, willfulness and good faith.

While Plaintiffs were confident in their claims, Defendants would have argued that Plaintiffs' alleged unpaid time was not compensable and/or was not known (actually or constructively) to Defendants. In other words, Plaintiffs faced multiple challenging defenses. Taking these considerations into mind, the amount of the settlement is appropriate in relation to the potential recovery.

The settlement is based on the number of weeks worked by each Plaintiff through a period of four years, and the individual amounts that each Plaintiff will receive are set forth in the Settlement Agreement attached as Exhibit A to the Parties' Motion. All of the Plaintiffs have been personally involved since they joined this litigation, have devoted considerable time and expense, took risks, and their efforts have helped achieve a significant result.

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Parties, and not worth the costs and risks associated with a trial. Additionally, the Parties have agreed that Defendants will pay Plaintiffs' counsel $250,000.00 in attorneys' fees and recoverable costs, a compromise sum representing less than 41% of what Plaintiffs' counsel have expended in the prosecution of these related actions.

### IV.     CONCLUSION

For all the above reasons, the Parties respectfully request an order: (1) approving the Settlement Agreement, including the releases of claims, the payments to Plaintiffs, and the payment of attorneys' fees and costs set forth therein; (2) dismissing the action in its entirety without prejudice, which will convert to with prejudice once the settlement is funded by

6

Defendants; and (3) retaining jurisdiction until 31 days after the date this Court approves the Settlement to enforce the terms of the Settlement, including the release of claims.

Dated: June 21, 2016                                Respectfully submitted,


                                                    *s/ Ryan F. Stephan*
                                                    Ryan F. Stephan
                                                    Teresa M. Becvar
                                                    Stephan Zouras, LLP
                                                    205 N. Michigan Avenue, Suite 2560
                                                    Chicago, Illinois 60601
                                                    Tel. 312-233-1550
                                                    rstephan@stephanzouras.com
                                                    tbecvar@stepahnzouras.com

                                                    Noelle Brennan
                                                    Kristin H. Carter
                                                    Noelle Brennan & Associates, Ltd.
                                                    20 S. Clark Street, Suite 1530
                                                    Chicago, Illinois 60603
                                                    Tel. 312-422-0001
                                                    nbrennan@nbrennan-associates.com
                                                    kcarter@nbrennan-associates.com

                                                    **Attorneys for Plaintiffs**

                                                    *s/ Sari M. Alamuddin*

                                                    Sari M. Alamuddin
                                                    Allison N. Powers
                                                    Alexandra S. Tuffuor
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    77 W. Wacker Drive, Fifth Floor
                                                    Chicago, Illinois 60601
                                                    Tel. 312-324-1000
                                                    salamuddin@morganlewis.com
                                                    apowers@morganlewis.com
                                                    atuffuor@morganlewis.com

                                                    Michael L. Banks (*pro hac vice*)
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1701 Market Street
                                                    Philadelphia, PA 19103
                                                    Tel: 215-963-5387

mbanks@morganlewis.com

**Attorneys for Defendants**

8